IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JEFFREY EARL HAMILTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 321-051 |
| | ) | |
| STACEY N. STONE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at McRae Correctional Facility, in McRae Helena, Georgia, filed the above-captioned petition pursuant to 28 U.S.C. § 2241. Petitioner seeks an Order from the Court directing the Bureau of Prisons ("BOP") to credit thirteen days to his sentence that he spent in detention from January 17, 2020, through January 30, 2020, at the Glades County Jail-ICE Detention Center. (Doc. no. 1, pp. 2-3, 6.) In his response to the Court's order to show cause, Respondent asserts that upon auditing Petitioner's sentence computation, BOP officials credited Petitioner's sentence with the thirteen days requested, and therefore the petition is moot. Petitioner has not responded to Respondent's filing or otherwise alerted the Court that he has not already been provided the relief sought in his petition. For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** the motion to dismiss be **GRANTED**, (doc. no. 7), and that this case be **DISMISSED** as **MOOT** and **CLOSED**.

**I. DISCUSSION**

Petitioner was arrested on January 17, 2020, and on January 30, 2020, a grand jury

indicted him for illegal reentry after removal. (Doc. no. 1, p. 2.) At the time of his arrest, he was on supervised release for a conviction out of the Eastern District of New York for conspiracy to import narcotics. (Id.) After Petitioner pleaded guilty to the illegal re-entry charge, the supervised release violation and illegal re-entry conviction were consolidated for sentencing, resulting in a total sentence of twenty-eight months in prison. (Id.) Petitioner successfully appealed his sentence, and upon remand was sentenced to a total sentence of twenty-six months in prison. (Id.)

At the time he filed his petition, Petitioner had a projected release date of December 3, 2021, (doc. no. 1, p. 2; doc. no. 1-1, p. 7), and he requested credit on his sentence for the time spent in detention between his arrest on January 17, 2020, and his indictment on January 30, 2020, (doc. no. 1, pp. 3, 6). According to Petitioner, crediting his sentence with this time period would result in an expected release date of November 17, 2021, (id. at 3), but deducting thirteen days from the acknowledged December 3, 2021 release date actually results in a new release date of November 20, 2021. Upon investigation after entry of the Court's order to show cause, the BOP credited Petitioner's federal sentence with the thirteen days requested, and Petitioner's sentence computation was updated accordingly to an expected release date of November 20, 2021. (Doc. no. 7, Ex. 1, ¶¶ 3-5 & Attachs. 1, 2.)

As a result, the instant matter is moot. The jurisdiction of federal courts is limited by Article III of the Constitution to "Cases" or "Controversies." Soliman v. United States, 296 F.3d 1237, 1242 (11th Cir. 2002). "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Barrera v. United States Att'y Gen., 557 F. App'x 877, 881 (11th Cir. 2014) (*per curiam*) (citing Ethredge v. Hail, 996 F.2d 1173, 1175 (11th Cir. 1993)); Soliman, 296 F.3d at 1242. If events occurring

after the filing of a petition deprive the Court of the ability to provide meaningful relief, then the case is moot and must be dismissed. Soliman, 296 F.3d at 1242; see also Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("[T]hroughout the litigation, the plaintiff 'must have suffered or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'") (citation omitted). Because mootness is jurisdictional, dismissal is required if no case or controversy remains. Spencer, 523 U.S. at 18; Soliman, 296 F.3d at 1242.

Here, the record confirms that as of October 20, 2021, the relief Petitioner sought when he filed this petition, thirteen days of credit to the previous December 3rd release date, has been granted.[1] (Doc. no. 7, Ex. 1.) Consequently, no case or controversy remains for which the Court can grant meaningful relief, and this proceeding must be dismissed.

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the motion to dismiss be **GRANTED**, (doc. no. 7), and that this case be **DISMISSED** as **MOOT** and **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of November, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] As explained above, Petitioner acknowledged a projected release date of December 3, 2021, but incorrectly calculated a thirteen-day credit would result in release on November 17th, rather than November 20th.